IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMBER MARIE VANTUYL, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:21-CV-627-P |
| | § | |
| MICHAEL CARR, Warden, | § | |
| FMC-Carswell, | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner, Amber Marie Vantuyl, a federal prisoner confined at the Federal Medical Center-Carswell (FMC-Carswell) in Fort Worth, Texas, against Michael Carr, Warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for mootness.

**I. BACKGROUND**

Petitioner is serving a term of 94 months on her conviction in the United States District Court for the District of Missouri for conspiracy to distribute 500 grams or more of methamphetamine. Resp't's App. 12–13, ECF No. 10. In this petition, Petitioner raises the following claims:

(1) the BOP erred by not applying her *Kayfez*[1] pretrial detention credits from October 19, 2016, to December 4, 2018; and

(2) the BOP erred in treating her unfairly and acting in a vindictive manner because she sought pretrial detention credits through the administrative remedy process in violation of the First and Fifth Amendments.

Pet. 7–8, ECF No. 1. She requests the Court apply 899 days' prior custody credit to her federal sentence because she has been in constant custody since June 22, 2016, and "it is in the best interest

---

[1] *Kayfez v. Gasele,* 993 F.2d 1288 (7th Cir. 1993).

of justice." *Id.* at 9.

To establish the background of the case, the government presented the declaration of Jan Stopps, a Correctional Program Specialist for the Bureau of Prisons (BOP) and the Designation and Sentence Computation Center (DSCC), providing:

> . . .
>
> 3. It is my understanding that the Petitioner, Amber Vantuyl, Federal Register Number 31866-045, alleges she is entitled to credit for time spent in state detention toward her federal sentence.
>
> 4. I have reviewed the sentence computation for Petitioner.
>
> 5. On March 26, 2016, Petitioner was arrested by state authorities in Greene County, Missouri, on a pending probation violation charge in state case number 1131CR05679. On April 4, 2016, Petitioner was released on bond to the community.
>
> 6. On June 22, 2016, Petitioner was returned to custody in Greene County, Missouri, based on the probation violation in state case number 1131CR05679.
>
> 7. On October 19, 2016, while still in primary state custody, Petitioner was borrowed by the United States Marshals Service pursuant to a writ of habeas corpus ad prosequendum in federal case number 6:16-cr-3039 in the Western District of Missouri.
>
> 8. On April 4, 2018, Petitioner was sentenced by the United States District Court for the Western District of Missouri to a 94 month term of imprisonment. The sentencing court was silent as to how this term should run in relation to the yet to be imposed state sentence.
>
> 9. Petitioner was returned to state custody on April 30, 2018, and a federal detainer was placed.
>
> 10. On June 19, 2018, Petitioner's probation was revoked in state case 1131CR05679 and she was sentenced to a five year term of imprisonment. On September 18, 2018, Petitioner's state obligation was satisfied and she was released to the federal detainer for service of her federal sentence.

11. After Petitioner filed this habeas petition, she was notified that DSCC would contact her sentencing judge to ask whether he intended for her federal sentence to be run concurrently to the state sentence.

12. On May 27, 2021, the BOP's DSCC contacted Petitioner's federal sentencing judge to inquire as to whether the judge intended for the federal sentence to run concurrently with the later imposed state sentence.

13. On June 2, 2021, Petitioner's federal judge responded to BOP's letter via email indicating that he wanted the federal sentence to run concurrently with the state sentence imposed for parole revocation.

14. On June 3, 2021, the DSCC sent a notification to Petitioner indicating that her request for retroactive designation pursuant to 18 U.S.C. 3621 had been approved and her sentence computation had been updated accordingly.

15. Petitioner's sentence computation was updated to reflect a sentence commencement of April 4, 2018, the day her federal sentence was imposed. Petitioner was also credited with 661 days of prior custody credit to account for time spent in state custody after her federal offense was committed and prior to the commencement of her federal sentence, from March 26, 2016 to April 4, 2016, and from June 22, 2016, to April 3, 2018.

16. If she received all projected good conduct time, it is expected that Petitioner will be released from BOP custody on February 15, 2023.

Resp't's App. 2–3, ECF No. 10 (record citations omitted).

Respondent asserts that the petition should be dismissed because Petitioner failed to exhaust her administrative remedies or, in the alternative, because the petition is moot as Petitioner has received credit for all time she requested. Resp't's Resp. 3–6, ECF No. 9.

## II. EXHAUSTION

Federal prisoners must exhaust administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10-542.19. Under this administrative procedure, if informal resolution fails, the inmate must pursue a three-level

process within the prescribed time intervals. Typically, the inmate must formally appeal to the Warden, via a Request for Administrative Remedy, commonly referred to as a BP-9; then to the Regional Director, via a form commonly referred to as a BP-10; and finally to the Office of General Counsel, via a form commonly referred to as a BP-11. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.15; *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993).

Petitioner acknowledges that she has not exhausted the administrative remedies but asserts that her efforts to do so have been thwarted because prison staff has been non-responsive to her requests for a "8.5." Pet. 8, ECF No. 1; Attachs., ECF No. 1-1. "If the institutional authorities refuse to provide a prisoner with the forms needed to exhaust administrative remedies, then those remedies are not 'available' to the prisoner." *Aceves v. Swanson,* 75 F. App'x. 295, 2003 WL 22144138, at * (5th Cir. Sept. 17, 2003). Petitioner presents some evidence in support of her allegation, thus taking her allegation as true, the prison's administrative remedies were not available to her.

## III. DISCUSSION

Respondent provides proof that Petitioner has obtained the relief she seeks through this habeas petition. Petitioner did not timely reply to Respondent's response and the record does not otherwise rebut Respondent's assertion that she has received credit for all time she requested and is entitled to receive toward her federal sentence.

## IV. CONCLUSION

For the reasons discussed herein, Petitioner's petition is **DISMISSED** as moot.

**SO ORDERED** on this 13th day of August, 2021.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE